amend their verdict.    It is not material to discuss the action of the Court below, touching the matter, in this case. It is sufficient to say that a jury may be sent back to correct a defective verdict.    *Noble* v. *Epperly*, 6 Ind. R. 468. See, as to amendment of verdict by the Court, *Jones* v. *Vanzandt*, 2 McLean, 611.

The proceeds of the judgment would necessarily have to be applied in the first place, in liquidation of partnership debts.    They would constitute, for that purpose, a trust fund, and perhaps should be paid to a receiver.

*Per Curiam.*—The judgment below is reversed, with costs.    Cause remanded for a new trial.    The reversal extends back to the issues, and carries costs to that point. *Doyle* v. *Kiser*, 8 Ind. R. 396.

*N. O. Ross*, *R. P. Effinger*, *D. McDonald*, and *A. G. Porter*, for the appellants.

*H. P. Biddle*, *E. T. Dickey*, and *H. J. Shirk*, for the appellees.

May Term,<br>1857.<br><br>DIBBLE<br>v.<br>DIBBLE.

---

### DIBBLE v. DIBBLE and Others.

APPEAL from the *Switzerland* Court of Common Pleas.

*Friday, May 29.*

*Per Curiam.*—This case is of the same character as that of *Dibble* v. *Dibble*, decided at the last term (1); and according to the decision in that case, the judgment is reversed with costs.

*T.* and *C. Gazlay*, for the appellant (2).

(1) 8 Ind. R. 307.
(2) Counsel for the appellant cited the following authorities:
A judgment rendered against a person without notice, is a nullity.    The record must show notice or appearance.    8 Blackf. 335.—4 *id*. 169.—1 Ind. R. 130.—2 McLean, 515.—5 Blackf. 223.