## RANDOLPH *v.* THE STATE.

Indictment for receiving stolen goods, alleging absence from the state and concealment of the person so that process could not be served, &c., to avoid the limitation. The state was permitted to prove that there was a conspiracy, with which the defendant was connected, for the commission of this species of crime, and the jury was instructed to consider this evidence in connection with the concealment. *Held*, that this was error.
*Jones* v. *The State, ante*, 120, followed.

APPEAL from the *Lagrange* Circuit Court.

DAVISON, J.—Prosecution for receiving stolen goods, commenced *January* 6, 1859.

The indictment charges that *George Randolph*, on the 28th of *October*, 1855, at, &c., one set of double harness,

of the value of 30 dollars, the personal goods of one *William Selby*, before then unlawfully and feloniously stolen, &c., feloniously did buy, receive, conceal, and have; he, the said *George*, then and there well knowing the said goods to have been feloniously stolen, &c. And that he, the said *George*, has been absent from the state, and has concealed the fact of the crime, and has so concealed himself that process could not be served upon him, for the space of two years since the commission of the offense.

The defendant moved to quash the indictment; but his motion was overruled, and he excepted.

Verdict against the defendant, upon which the Court, having refused a new trial, rendered judgment.

Upon the trial, the state propounded to one *Bevington*, a witness, this question: whether there was a conspiracy existing among certain persons for the purpose of committing this species of crime. He answered that there was such a conspiracy. The state then asked the same witness whether the defendant was connected with that conspiracy. To which he answered—*George* was connected with that conspiracy, he knew, because he was one of the main men. These answers were resisted by the defendant, but admitted by the Court, who, at the time, told the jury to consider them in relation to the concealment.

We have a statute which says: "If any person who has committed an offense, is absent from the state, or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation." 2 R. S. p. 363, § 13.

It would be difficult to perceive how the testimony admitted could, in any degree, tend to prove the concealment pointed out in the statute. Evidently, it was not pertinent to the charge that the defendant so concealed himself that process could not be served upon him. But the Court, by its instruction, intended to say that the answers of the witness should be considered by the jury in relation to the fact of the concealment of the crime. And this being the purpose for which the testimony was ad-

mitted, its admission was, no doubt, erroneous; because there is, in point of law, no proper charge in the indictment to which the admitted testimony can be applied. True, the indictment alleges, generally, that defendant has concealed the fact of said crime; but this was insufficient —the particular acts done by him, whereby he produced such concealment, should have been alleged. See *Jones* v. *The State*, at the present term (1). And there being no proper averment to that effect, the testimony admitted was, in our opinion, irrelevant, and may have misled the jury.

The judgment must be reversed.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison*, for the appellant.

*J. E. McDonald*, for the state.

(1) *Ante*, 120.