Filed March 13, 1891.

---

No. 15,992.

## COLVIN v. THE STATE.

CRIMINAL LAW.—*Embezzlement by Guardian.*—*Affidavit and Information.—Sufficiency of.*—*Statute of Limitations.*—An affidavit and information against a guardian for the embezzlement of the funds of his ward charged that the defendant on the day of his appointment as guardian, October 10th, 1879, collected money and other personalty belonging to the ward; that the ward became of age March 5th, 1889, and that on November 28th, 1890, a demand for settlement was made, which the defendant refused to comply with, and converted the money to his own use.

*Held,* that as the date of the demand for settlement, though not the date of the reception of the money by the guardian, was within the period of limitation, the affidavit was sufficient, and that a prosecution instituted December 19th, 1890, was not barred by the statute.

*Held,* also, that an averment in the information, that the accused fled from the county and concealed himself, is not sufficient to avoid the operation of the statute of limitations, where there is no averment as to how long the absence or concealment continued.

GUARDIAN AND WARD.—*Guardian.*—*Void Order of Removal.*—*Collateral At-*

Colvin v. The State.

tack.—An ex parte order of the circuit court removing a guardian, made without notice to the guardian, and without appearance by him, is void and may be collaterally attacked.

From the Hamilton Circuit Court.

R. Graham and J. Stafford, for appellant.

S. D. Stuart, Prosecuting Attorney, W. Booth and J. Keeling, for the State.

McBRIDE, J.—This was a prosecution by information charging appellant with embezzlement under section 1952, R. S. 1881. Appellant was convicted and sentenced to one year's imprisonment in the State Prison. The errors assigned are:

1. Error in overruling a motion to quash the affidavit and information.

2. Error in overruling a motion in arrest of judgment.

3. Error in overruling a motion for a new trial.

The first two errors assigned challenge the sufficiency of the affidavit and information.

The affidavit and information charge that the appellant was appointed guardian of one William S. Sedenberg, on the 10th day of October, 1879, by the Hamilton Circuit Court; that he then and there collected and received money belonging to his said ward to the amount of $200, and other property also belonging to him; that said infant became twenty-one years of age on the 5th day of March, 1889, and on the 28th day of November, 1890, demanded a settlement with, and accounting by, his said guardian, and the payment of said money to him, but that said guardian failed and refused so to do, and unlawfully retained said money and converted the same to his own use. All necessary technical averments are used, and the charges are sufficiently specific and full.

The contention of appellant is that the conversion dates from the reception by the guardian of the money, and that the prosecution was barred by the statute of limitations. The

prosecutor seems, in framing the affidavit and information, to have been impressed with the same idea, and inserted therein the following averment with a view to avoiding the statute:

"That, on or about the 15th day of September, 1880, the said George Colvin fled from the county of Hamilton, and so concealed himself that process could not be served upon him."

This, the prosecutor argues, is a sufficient compliance with section 1597, R. S. 1881, to avoid the operation of the statute.

Section 1597 provides that "If any person who has committed an offence, thereafter is absent from the State, or so conceals himself that process can not be served upon him, or conceals the fact that the offence has been committed, the time of absence or concealment is not to be included in computing the period of limitation."

Here the averment is that the accused fled from the county and concealed himself, but there is no averment as to how long he remained absent or concealed. For aught that appears, he may have returned the next week and have ever since remained in that county and unconcealed. It is only the time of absence or concealment that is omitted in computing the period of limitation. If the sufficiency of the information depended upon this averment it would be bad. It is, however, good without this.

The affidavit and information charge that the conversion occurred when the demand for settlement was made by the ward, on the 28th day of November, 1890.

The motion for a new trial presents this question: On the 15th day of September, 1880, the Hamilton Circuit Court made an order removing the guardian. Appellant insists that having been removed as guardian more than ten years before the prosecution was instituted, the conversion, if any, occurred at that time, and hence the prosecution was barred. The order removing the guardian, or purporting to-

remove him, was *ex parte,* and was made without any notice whatever to the guardian, and without appearance by or for him. The order was therefore void, as he could not be removed without notice. *Dibble* v. *Dibble,* 8 Ind. 307 ; *Dibble* v. *Dibble,* 9 Ind. 161 ; *Martin* v. *Beasley,* 49 Ind. 280.

An order by the circuit court removing a guardian, which appears upon its face to be *ex parte* and to have been made without any notice of any character, and with no finding by the court that there was any notice, being absolutely void, may be attacked collaterally. Notwithstanding the making of this order appellant continued to be guardian.

We find no error in the record.

Judgment affirmed.

