John **GREICHUNOS**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 4–483A125.

Court of Appeals of Indiana,
Fourth District.

Dec. 27, 1983.

James E. Foster, Funk & Foster, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-appellant John Greichunos appeals from the trial court's denial of his motion to dismiss an information charging him with arson. Greichunos maintains the five-year statute of limitations of IND. CODE 35–41–4–2(a), in force when the instant prosecution was begun, is applicable and asserts the information, filed nearly seven years after the alleged offense was committed, is untimely. The State, on the other hand, claims the limitations statute in effect when the crime was allegedly committed, which provided the prosecution could be brought any time after the crime

was committed, controls. For the reasons stated below, we reverse.

### DECISION

On February 18, 1982, Greichunos was charged with arson in connection with an April 16, 1975 fire at a drug store in Dyer, Indiana. At the time of the alleged offense, IND.CODE 35–1–3–1 (Burns 1975) was in force and provided that prosecutions for treason, murder, arson and kidnapping could be commenced "at any time after the commission of the offense." Effective October 1, 1977, Indiana's criminal code was revised and under the present Penal Code, I.C. 35–1–3–1 was repealed and replaced by IND.CODE 35–41–4–2, which fixes a five-year limitations period for Class B felonies.*

Greichunos maintains the trial court erred in denying his motion to dismiss inasmuch as the instant prosecution is barred by the limitations period of I.C. 35–41–4–2, in effect when the information herein was filed. Conversely, the State argues the trial court correctly applied the longer limitations period of I.C. 35–1–3–1 which was in force on the date of the alleged crime. Because we conclude the instant controversy is controlled by *Streepy v. State*, (1931) 202 Ind. 685, 177 N.E. 897, we reverse the trial court's denial of Greichunos' motion and remand the case with instructions to dismiss the charge against him.

■ In *Streepy*, our supreme court held the applicable statute of limitations was that which was in effect *at the time the prosecution was instituted*. Streepy was charged with bank robbery. On the date of the robbery, August 25, 1927, there was a five-year statute of limitations for robbery and a two-year limitations period for all offenses not governed by another specific statutory provision. Twenty-one months later, on May 19, 1929, the legislature instituted a general five-year statute

of limitations for felonies. The indictment charging Streepy was returned September 12, 1930. Streepy contended that bank robbery was governed by the former two-year general limitations period rather than the former five-year limitations period for robbery, and the prosecution was therefore barred. Our supreme court held that it was not required to decide which of the former limitations periods was applicable because the prosecution, begun in 1930, was governed by the five-year statute of limitations enacted by the legislature in 1929. In so deciding, the court offered the following explanation as to why the amended statute applied:

> "Statutes of limitations pertain to the remedy and not to substantive civil rights. *Terry v. Davenport* (1916) 185 Ind. 561, 576, 112 N.E. 998. There can be no vested right in a remedy or mode of procedure. *Sage v. State* (1891) 127 Ind. 15, 26 N.E. 667; *Robinson v. State* (1882) 84 Ind. 452; *In re Petition to Transfer Appeals* (1931) 202 Ind. 365, 174 N.E. 812, 813, 818. The accused in a criminal case cannot claim that the period prescribed by law in which a prosecution shall be begun shall remain the same as when the crime was committed. The period of limitation is granted in the grace of the sovereign and may be enlarged or contracted or altogether taken away, provided the accused is not entitled to go acquit before the subsequent law is enacted *Commonwealth v. Duffy* (1881) 96 Pa. 506, 42 Am.Rep. 554; 16 C.J. 222."

202 Ind. at 687–88, 177 N.E. at 898. *Cf.*, *Kemper v. Warren Petroleum Corp.*, (1983) Ind.App., 451 N.E.2d 1115; *In re M.D.H.*, (1982) Ind.App., 437 N.E.2d 119 (statute of limitations in effect at time suit is commenced of whether it lengthens or shortens time allowed for bringing suit).

The State asks that we reconsider the principle enunciated in *Streepy* and set

---

* We presume, and the State acknowledges in its brief, that the offense charged would now likely be classified a Class B felony. Greichunos was charged with second degree arson under IND. CODE 35–16–1–2 (Burns 1975) (repealed Acts 1976, P.L. 148, § 24). There was no allegation his actions resulted in bodily injury to another person, which would elevate the offense to a Class A felony under the present IND.CODE 35–43–1–1.

forth in its place a rule making applicable the statute of limitations in effect at the time of the offense. We decline this invitation. We do not believe, as argued by the State, that the rule of *Streepy* provides significantly less certainty than a rule fixing the limitations period at the time of the offense. Further, we do not accept the State's contention that *Streepy* might create problems with *ex post facto* laws, inasmuch as under *Streepy*, a newly-enacted statute of limitations cannot revive a previously barred prosecution.

An additional matter which requires our comment is the effect of the savings clause contained in Acts of 1977, P.L. 340, § 150. That clause states:

"(a) Neither this act nor Acts 1976, P.L. 148 affects:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.

(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

(c) Notwithstanding subsections (a) and (b) of this section, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977."

While we have held this savings clause acts to preserve the prior provisions regarding sentencing, *see, i.e., Vicory v. State,* (1980) 272 Ind. 683, 400 N.E.2d 1380; *Lynk v. State,* (1979) 271 Ind. 445, 393 N.E.2d 751; *State v. Turner,* (1978) 178 Ind.App. 562, 383 N.E.2d 428, we do not perceive in the savings clause any legislative intent to maintain the former limitations period. The clause instructs the criminal code revision will not affect "rights or liabilities accrued" or "proceedings begun" before October 1, 1977. However, *Streepy* clearly states that there can be no vested right in a

statute of limitations, which merely affects the remedy or mode of procedure. Further, while the statute saves pending proceedings, the instant action was not begun until February 18, 1982, long after the October 1, 1977, effective date of the new legislation. Neither are we persuaded that a different result is required by the second paragraph of the savings clause, which states that "an offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148, shall be prosecuted and remains punishable under the repealed law." In *Banton v. State,* (1979) 180 Ind. App. 698, 390 N.E.2d 687, we held the clear intent of this provision was to preserve the convictions and sentences for actions which were in essence "decriminalized" when the statutes making such behavior criminal were repealed. We do not believe it speaks to the present issue of the statute of limitations.

 It is a necessary burden of the State to establish the crime charged was committed within the statute of limitations. *Fisher v. State,* (1973) 259 Ind. 633, 291 N.E.2d 76; *Atkins v. State,* (1982) Ind. App., 437 N.E.2d 114. An information alleging a time outside the statute of limitations which does not allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss. *Obie v. State,* (1952) 231 Ind. 142, 106 N.E.2d 452, *cert. den.* 344 U.S. 935, 73 S.Ct. 506, 97 L.Ed. 719; *Terrell v. State,* (1905) 165 Ind. 443, 75 N.E. 884.

Here, the face of the information reveals the prosecution is untimely. The State has made no allegations of concealment or any other circumstance which might remove the cause from the limitations period.

Accordingly, we reverse and remand the cause with instructions to dismiss.

YOUNG, J., concurs.

CONOVER, P.J., concurs in result.