**Robert Lee WILLNER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82A04–9012–CR–604.**

Court of Appeals of Indiana, Fourth District.

March 25, 1992.

---

**582**

Terry Noffsinger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

When Fred Blumenauer sought the contract to clean the Henry Ditch in Vanderburgh County, Robert Lee Willner, a for-

mer Vanderburgh County Commissioner, allegedly told Blumenauer he would have to hire Willner's son and pay Willner $1,500 if he wanted the contract. As the result of an extensive investigation into several Vanderburgh County officials, Willner was eventually charged with bribery, a Class C felony.[1] He was convicted by a jury and sentenced to two years of unsupervised probation. He was also fined $1,500, removed from Board of Commissioners, barred from holding public office or office of trust for five years, and ordered to perform two hundred hours of community service. On appeal, Willner argues, among other things, that the information should have been dismissed because it was filed more than seven years after the alleged crime was committed but contained no factual allegations in order to avoid the five-year statute of limitations. We agree and reverse.

*Discussion*

■ Willner argues the information should have been dismissed because it was not filed within the applicable statute of limitations.[2] Willner was charged in an amended information as follows:

on or about May 27, 1982, Andrew Bryant and Robert Lee Willner being public servant, to-wit: a Vanderburgh County Commissioner, did solicit property; to-wit: an agreement from Fred Blumenauer that the said Fred Blumenauer would pay money to Robert Lloyd Willner, or Robert Lee Willner, with the intent to control the performance of an act related to his function as a public servant, to-wit: his vote of approval on the Henry Ditch Project, contrary to the form of the statutes in such cases made and provided by I.C. 35–44–1–1(a)(2) and

1. Ind.Code 35–44–1–1.

2. An indictment was filed by the State on March 14, 1989, and Willner filed a Motion to Dismiss the indictment on July 11, 1989. A hearing was had on this motion on July 24, 1989. Thereafter, the court granted the State's motion to dismiss the indictment and gave the State per-

mission to refile. The State filed an "amended information" on April 26, 1990, and Willner again filed a motion to dismiss, asking the court to take judicial notice of the arguments presented at the hearing on July 24, 1989. The court denied Willner's motion to dismiss. The record does not include a transcript of the hearing.

against the peace and dignity of the State of Indiana.

R. 163.

The relevant statute of limitations is found in Indiana Code 35–41–4–2, which provides in part:

"(a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

"(1) Within five (5) years after the commission of a Class B, Class C, or Class D felony, ...

"(d) The period within which a prosecution must be commenced does not include any period in which:

"(1) the accused person is not usually and publicly resident in Indiana or so conceals himself that process cannot be served on him;

"(2) the accused person conceals evidence of the offense, and evidence sufficient to charge him with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence; or

"(3) *The accused person is a person elected or appointed to office under statute or constitution, if the offense charged is theft or conversion of public funds or bribery while in public office ...*" (emphasis added).

Willner argues the information should have been dismissed because it was filed more than five years after the alleged crime and the State failed to allege specific facts to bring the indictment within the exception to the five year limitation period of I.C. 35–41–4–2(d)(3). The State argues it alleged sufficient facts to bring it within the exception because it alleged Willner was a public official when the crime was committed.

■■■ While the burden is on the State, at trial, to establish the crime charged was committed within the statute of limitations,

*Greichunos v. State* (1983), Ind.App., 457 N.E.2d 615, it is first necessary for the State to *allege* the offense was committed within the applicable period of limitations. Ind.Code 35–34–1–2(a)(5). "An information alleging a time outside the statute of limitation which does not allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss." *Greichunos, supra,* at 617. *See also Randolph v. State* (1860), 14 Ind. 232; *Ulmer v. State* (1859), 14 Ind. 52. Any exception to the limitation period must be construed narrowly and in a light most favorable to the accused. *State v. Holmes* (1979), 181 Ind. App. 634, 393 N.E.2d 242.

Although the State alleged Willner was a public servant when the seven year-old crime was committed, it did not allege how long after that date Willner remained in office. In discussing an exception to the statute of limitations similar to I.C. 35–41–4–2(d)(1) and (2), quoted above, our supreme court stated, in *dicta:*

"Section 1597 provides that If any person who has committed an offence, thereafter is absent from the State, or so conceals himself that process can not be served upon him, or conceals the fact that the offence has been committed, the time of absence or concealment is not to be included in computing the period of limitation.

"Here the averment is that the accused fled from the county and concealed himself, but there is no averment as to how long he remained absent or concealed. For aught that appears, he may have returned the next week and have ever since remained in that county and unconcealed. *It is only the time of absence or concealment that is omitted in computing the period of limitation.* If the sufficiency of the information depended on this averment, it would be bad." [3]

3. Colvin was charged for conversion of funds held by him as guardian for William Sedenberg. On October 10, 1879, Colvin received money and property belonging to William. On November 28, 1890, after he had turned 21, William demanded Colvin turn the property over to him.

When Colvin refused, he was charged with conversion. After his conviction, Colvin appealed, arguing the conversion occurred when he received the property on October 10, 1879; therefore, the prosecution was barred by the applicable statute of limitations. Apparently anticipat-

*Colvin v. State* (1891), 127 Ind. 403, 405, 26 N.E. 888 (emphasis added).

After considering the above authorities, we find it is clear the State omitted a material fact in the information—that is, that Willner ceased to be a public official less than five years before the information was filed. Therefore, the trial court erred in denying Willner's motion to dismiss.

The conviction is reversed.

CONOVER and SHIELDS, JJ., concurring.

ing this argument, the State alleged that on September 15, 1880, Colvin "fled from the county of Hamilton and so concealed himself that process could not be served upon him". *Colvin v. State* 127 Ind. 403, 404, 26 N.E. 888. Thereby, the state attempted to bring the case within an exception to the statute of limitations.

The court agreed with Colvin that, if the crime occurred in 1879, the prosecution was barred by the statute of limitations and the State failed to allege specific facts to bring the case within the exception similar to I.C. 35–41–4–2(d)(1) and (2). However, the court affirmed Colvin's conviction, holding that the crime was of a continuous nature as long as Colvin remained guardian, and, as he had not yet been removed as guardian, the prosecution was not barred.