**Robert Lee WILLNER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S04–9211–CR–901.**

Supreme Court of Indiana.

Nov. 10, 1992.

Terry Noffsinger, Noffsinger Price Bradley & Shively, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

The State seeks transfer after the Court of Appeals reversed the bribery conviction of a Vanderburgh County Commissioner on the grounds that the Information failed to allege facts showing that the charge was filed within the time required by the applicable statute of limitations. *Willner v. State* (1992), Ind.App., 588 N.E.2d 581.

Robert Willner was convicted of bribery, *Ind. Code* § 35–44–1–1, a class C felony, for having advised a contractor in May 1982 that to obtain a particular contract with the county, the contractor would have to hire Willner's son for $1,500. Upon sentencing, Willner was removed from the Board of Commissioners, barred from holding public office for five years, ordered to perform 200 hours of community service, fined $1,500, and sentenced to two years of unsupervised probation.

■ The amended Information filed in 1990 charged in pertinent part:

[O]n or about May 27, 1982, ... Robert Lee Willner being [a] public servant, to-wit: a Vanderburgh County Commissioner, did solicit property; to-wit: an agreement from Fred Blumenauer that the said Fred Blumenauer would pay money to Robert Lloyd Willner, or Robert Lee Willner, with the intent to control the performance of an act related to his function as a public servant to-wit: his vote of approval on the Henry Ditch Project, contrary to the form of the statutes in such cases made and provided by IC 35–44–1–1(a)(2). . . .

The applicable statute of limitations provides:

(a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

(1) within five (5) years after the commission of a Class B, Class C, or Class D felony;

＊  ＊  ＊  ＊  ＊  ＊

(d) *The period within which a prosecution must be commenced does not include any period in which:*

＊  ＊  ＊  ＊  ＊  ＊

(3) *the accused person is a person elected or appointed to office under statute or constitution, if the offense charged is theft or conversion of public funds or bribery while in public office.*

*Ind. Code* § 35–41–4–2 (emphasis added). Generally, the State is required to allege facts in the Information sufficient to bring the charge within the statutory limitation period. *Ind. Code* § 35–34–1–2(a)(5). One of the reasons for this requirement is to ensure that only timely-filed charges proceed to trial. *See Ulmer v. State* (1859), 14 Ind. 52, 55.

Willner argues that the trial court erred in failing to grant his motion to dismiss because the Information was filed more than five years after the commission of the crime and, although the Information alleged that Willner was an officeholder when the crime was committed, it did not allege how long thereafter he remained in office. Willner relies on *Colvin v. State* (1890), 127 Ind. 403, 405, 26 N.E. 888, 888, and *Greichunos v. State* (1983), Ind.App., 457 N.E.2d 615, 617, for the proposition that an information alleging that the crime was committed on a date outside the statute of limitations which does not also allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss. He asserts that because the information was defective, his conviction should be reversed. Although we agree that an information should allege facts sufficient to show that the charge was filed within the limitations period, the facts of this case do not require reversal of the conviction.

■ *Colvin* and *Greichunos* concerned *Ind. Code* § 35–41–4–2(d)(1), a different exception to the statute of limitations, which tolls the running of the limitation period if the defendant conceals himself or leaves the jurisdiction of Indiana courts so that he cannot be served. When the State has relied on this exception, courts have required the State to plead those circum-

stances in the information so that a defendant is apprised of the facts upon which the State intends to rely and may be prepared to meet that proof at trial. *See Jones v. State* (1860), 14 Ind. 120, 121. Obviously, proof of "concealment" or "absence" is a fact-intensive issue.

■ Such is not the case here. Willner challenges only the form of the Information; he does not assert that the Information was untimely filed. In fact, the record reveals that Willner continuously remained a County Commissioner, an officeholder, until he was removed as a part of the sentencing for this offense. This fact was a matter of public record of which the trial court was permitted to take judicial notice, and was certainly within Willner's knowledge. We find no basis for supposing that Willner was in any way misled about what facts the State intended to prove at trial to bring the charge within the statute of limitations. The Information adequately advised Willner that the State intended to rely on his status as an officeholder for purposes of the statute of limitations. We perceive no prejudice to Willner from the State's failure to allege that Willner remained an officeholder from the date of the crime until the date he was sentenced. As stated by Justice Felix Frankfurter, "there comes a point where this Court should not be ignorant as judges of what we know as men." *Watts v. Indiana* (1949), 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L.Ed. 1801, 1805.

Willner's conviction should not have been reversed on these grounds. Accordingly, we grant transfer, vacate the opinion of the Court of Appeals, and remand this case to the Court of Appeals for consideration of the other issues raised by Willner in his appeal.

SHEPARD, C.J., and GIVAN, and DICKSON, JJ., concur.

DeBRULER, J., dissents, without separate opinion.