Vaughn A. REEVES, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 77A04–1005–CR–292.

Court of Appeals of Indiana.

Nov. 16, 2010.

Rehearing Denied Feb. 23, 2011.

James H. Voyles, Jr., Tyler D. Helmond, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Nick J. Thiros, Thiros & Stracci, Merrillville, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Vaughn A. Reeves, Jr. ("Reeves") appeals the trial court's interlocutory order denying his motion to dismiss ten counts of class C felony aiding, inducing, or causing securities fraud.

We affirm in part, reverse in part, and remand with instructions.

### ISSUE

Whether the trial court abused its discretion by denying Reeves' motion to dismiss the charges against him as barred by the statute of limitations.

### FACTS

Some of the facts of this case have already been set forth in Reeves' prior appeal from the denial of his motion for reduction of bail as follows:

In 1988, Vaughn Reeves, Sr. ("Father") founded Alanar Incorporated ("Alanar") and established its headquarters in Sullivan County. Alanar's stated mission was to assist churches and other non-profits in securing financing for building projects and to assist in refinancing mortgages for those entities. Father, Reeves, and Reeves' two brothers (collectively, "the Reeves") were the corporate officers of Alanar and its related business entities.

According to the probable cause affidavit in this case, "Alanar's marketing strategy was devised to appeal to the Christian faith of potential investors." Once a targeted church agreed to Alanar's terms, the Reeves engaged in "a modified Ponzi scheme" whereby the Reeves "illegally used money from both churches and bondholders" to pay prior investors. "The scheme the Reeves carried out involved thousands of investors and many millions of dollars passing through approximately 300 separate bond issues. The Reeves underwrote bonds that raised at least $120 million." "As a result of their actions, the Reeves received more than $6 million in ill-gotten gains.... [Defendant] Reeves [personally] received approximately $1,806,105." In July of 2005, the United States Securities and Exchange Commission ("SEC") obtained an injunction against Alanar for Alanar to cease all operations.

*Reeves v. State*, 923 N.E.2d 418, 419 (Ind. Ct.App.2010) (citations to Appendix omitted).

On June 30, 2009, the State charged Reeves with ten counts of class C felony aiding, inducing, or causing securities fraud.[1] The charging information for each count alleged that Reeves, "on or about or between September 2000 and July 2005[,]" did "knowingly or intentionally aid, induce or cause another person" to commit "Securities Fraud ... in connection with the offer, sale or purchase of a security, directly or indirectly, engage in an act, practice or course of business" by "remov[ing] funds from the repayment and/or proceeds

---

1. The trial court set Reeves' bail at $1,500,000, and Reeves filed a motion for reduction of bail. Following the trial court's denial of his motion, Reeves appealed the trial court's ruling. We held that the bail appeared excessive and reversed the trial court's order denying Reeves' request to reduce bail. *Reeves*, 923 N.E.2d at 422.

account" of ten different Alanar bond issue numbers.[2] (App.18–27).

The probable cause affidavit [3] attached to the charging informations acknowledged the five-year statute of limitation for a class C felony but invoked the concealment of evidence exception in Indiana Code section 35–41–4–2(h)(2) to explain why the general bar against the prosecution of a felony five years after its commission did not apply to the charges against Reeves. Specifically, the probable cause affidavit provided:

> In all instances outlined in this Affidavit and in the Charging Information, the following facts are true:
>
> - The bonds on which the charges are based did not mature until after July 2005.
>
> - The SEC obtained its injunction in July 2005.
>
> - Because of the Reeves' actions (see below), neither the bondholders nor the bond issuers could have known before July 2005 that any fraudulent activity was being carried out by the Reeves.
>
> - The Reeves' own actions concealed their fraudulent activities from bondholders and bond issuers, as follows:
>
> - The Reeves' continued "success" depended on underwriting large number of bonds. Without the continual influx of large amounts of money from churches and bondholders, their scheme of shuffling money from account to account to hide defaults would have collapsed.
>
> - To insure that funds would continue to pour in, it was crucial for the Reeves to not only attract new bondholders and churches, but also to convince current bondholders to continue investing in Alanar bonds. The Reeves had to continually deceive bondholders into believing that Alanar bonds were sound investments. The Reeves accomplished this by covering up for defaulting churches and their own ill-gotten gains by shuffling money from account to account using funds from other investors and churches to make scheduled interest payments to investors.
>
> - None of the bondholders on which the charges are based knew anything was awry with regard to Alanar or their bonds until they learned of the SEC's injunction in July 2005.
>
> The date on which the period of limitations begins to run is July 26, 2005, which is the date on which the District Court ordered the injunction. The controlling period of limitations is 5 years. Therefore, this action must be commenced no later than July 25, 2010. This action is clearly being commenced before that date.

(App.30–31).

On August 28, 2009, Reeves filed a motion to dismiss, arguing that any class C felony offense that would have been committed by Reeves prior to June 30, 2004, "a period that ma[d]e up over 80% of the timeframe cited in the information," would be barred by the five-year statute of limitation.[4] (App.83). In the State's response

---

2. Each bond issue was charged under a separate charging information.

3. The probable cause affidavit was signed by an employee of the Securities Division of the Indiana Secretary of State's Office. The charging informations were signed by this same employee of the Securities Division and by the Sullivan County Prosecutor.

4. Reeves also moved to dismiss the charges based on his argument that the offenses were not charged with sufficient certainty because

to the motion to dismiss, it argued that the five-year statute of limitation was tolled by the concealment of evidence exception in Indiana Code section 35–41–4–2(h)(2).

On March 5, 2010, the trial court held a hearing on Reeves' motion to dismiss. During the hearing, Reeves presented testimony from James Hinkle, who formerly worked in the Criminal Investigation Division of the United States Treasury Department Internal Revenue Service. Hinkle reviewed the approximately 24,000 pages of documents that Reeves had received from the State as part of discovery and compiled a timeline from some of those documents that indicated that the State had knowledge of potential wrongdoing by Alanar much earlier than June 2009 when the charging informations were filed. Reeves introduced the timeline and these supporting discovery documents into evidence. Reeves argued that this evidence—which included a letter from the Indiana Securities Division regarding an August 2001 complaint by an Alanar bondholder[5] of a bond in a particular bond issue that was the subject of one of the counts of securities fraud in the criminal charging informations filed against him—indicated that bondholders and the Securities Division were aware of questionable securities activity by Alanar as early as August 2001. Reeves asserted that this August 2001 complaint triggered the statute of limitation period applicable to the charges against him. Reeves also presented evidence of other complaints filed in 2002 and 2003 by Alanar bondholders with the Indiana Securities Division and the Indiana Attorney General's Office, as well as a 2004 class action filed in Sullivan County by Alanar bondholders.

The State did not present any witnesses or introduce evidence during the hearing. Instead, the State moved the trial court to consider the charging informations and the allegations contained in the probable cause affidavit in support of Alanar's concealment as a basis to deny Reeves' motion to dismiss. The State argued that the concealment of evidence exception applied because: the charging informations were evidence that Reeves took affirmative action to conceal the offenses by engaging in a Ponzi scheme and misappropriating funds; the State did not have knowledge of evidence sufficient to file charges against Reeves until the SEC obtained its civil injunction in July 2005; and the State could not have discovered sufficient evidence through due diligence. The State argued that the statute of limitation was tolled until July 2005 and that its charging informations filed in June 2009 were therefore timely.

On April 14, 2010, the trial court issued its order denying Reeves' motion to dismiss. The trial court cited to Indiana Code section 35–41–4–2(h)(2)—the concealment of evidence exception to the statute of limitation—and concluded that the State had charged the Defendant with criminal acts alleged within the period of limitation because the charges were brought within five years of the July 2005 date of the SEC injunction.[6] The trial court's order provided, in relevant part:

the State had failed to specifically allege the date of his alleged offense of improperly removing funds from various accounts.

5. This 2001 complaint led to the Indiana Securities Division to conduct an investigation after which it issued a Cease and Desist Order to Alanar regarding the selling of unregistered securities. Subsequently, on December 19, 2001, officials from the Indiana Securities Division and Alanar entered into a Consent Agreement regarding the Cease and Desist Order.

6. The trial court also ruled that the charging informations stated the offenses with sufficient certainty.

## FINDINGS OF FACT

\* \* \* \* \* \*

5. According to the probable cause affidavit the Defendant allegedly engaged in acts to conceal defaults by the shifting of money from one account to another, convincing bondholders to continue to invest. Bondholders were not aware of this activity until Alanar was investigated by the SEC starting in July 2005.

### Conclusions

\* \* \* \* \* \*

3. While the defense did present evidence that there were civil complaints against Alanar prior to July 2005, there is no evidence that anyone with prosecuting authority had knowledge sufficient to charge the Defendant prior to the SEC investigation in July 2005.

4. There is evidence that the Defendant engaged in acts that were intended to conceal his alleged crimes.

5. The Court does not find that the State could have discovered this crime with the exercise of due diligence prior to the SEC investigation in July, 2005.

6. The Defendant is accused of engaging in affinity fraud through the use of a modified Ponzi Scheme. Money obtained from new investors was used to pay those who invested previously. Consistent with the reasoning of *State v. Chrzan*, 693 N.E.2d 566, 567 (Ind.Ct. App.1998) this is the type of concealment that is contemplated by Ind.Code § 35–41–4–2(h)(2). The nature of the Defendant's business was that of an ongoing fraud, which did not end until the SEC shut Alanar down in July of 2005. The alleged crimes were ongoing up to and until July of 2005.

7. The Court finds the acts of concealment by the Defendant tolled the five year statute of limitation. The date on which the period of limitations begins to run is July 26, 2005, which is the date on which the District Court ordered the injunction. The controlling period of limitations is five years. Therefore, this action must have been commenced no later than July 25, 2010. This action was brought . . . on June 30, 2009, which is within the allowable period of limitations.

(App.254–55). Reeves filed a motion to certify the order for interlocutory appeal, and the trial court granted his motion. Reeves then sought and was granted permission by this Court to pursue an interlocutory appeal of the trial court's decision.

## DECISION

Reeves argues that the trial court abused its discretion by denying his motion to dismiss because the prosecution of the class C felony charges against him is barred by the five-year period of limitation set forth in Indiana Code section 35–41–4–2.

■ This Court reviews a trial court's ruling on a motion to dismiss a criminal charge for an abuse of discretion. *State v. Lindsay*, 862 N.E.2d 314, 317 (Ind.Ct.App. 2007), *trans. denied.* We will reverse a trial court's decision for an abuse of discretion where the court's decision is clearly against the logic and effect of the facts and circumstances. *Id.* When reviewing a motion to dismiss based on a statute of limitation, we have explained that:

A statute of limitation is designed to insure against prejudice and injustice to a defendant which is occasioned by a delay in prosecution. The limitation period seeks to strike a balance between a defendant's interest in being placed on notice so as to be able to formulate a defense for a crime charged and the State's interest in having sufficient time

to investigate and develop a case. Any exception to the limitation period must be construed narrowly and in a light most favorable to the accused. *It is the State's burden to prove that the crime charged was committed within the statute of limitation.*

*Id.* (internal citations omitted) (emphasis added).

The statute applicable to this appeal, Indiana Code section 35–41–4–2, provides in relevant part:

(a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

(1) within five (5) years after the commission of the offense, in the case of a … Class C … felony; …

\* \* \* \* \* \*

(h) The period within which a prosecution must be commenced does not include any period in which:

\* \* \* \* \* \*

(2) the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence. . . .

In regard to this concealment exception to the statute of limitation, we have explained that the phrase concealing evidence of the offense "must be held to mean concealment of the fact that a crime has been committed, unconnected with the fact that the accused was the perpetrator" and that "the concealment of the fact of the crime must be the result of some positive act done by the accused, and calculated to prevent discovery of the fact of the offense of which he stands charged." *State v. Chrzan*, 693 N.E.2d 566, 567 (Ind.Ct.App. 1998) (quoting *State v. Holmes*, 181 Ind. App. 634, 637, 393 N.E.2d 242, 244 (1979));

*see also Umfleet v. State*, 556 N.E.2d 339, 341 (Ind.Ct.App.1990), *trans. denied.*

When Reeves filed his motion to dismiss, he acknowledged that some of the time period alleged in the informations would be timely by arguing that any alleged act occurring prior to June 30, 2004 would be barred by the five-year statute of limitation. In response, the State focused its attention on Reeves' statute of limitation argument, arguing that the five-year statute of limitation was tolled by the concealment of evidence exception in Indiana Code section 35–41–4–2(h)(2) and that the statute of limitation did not begin to run until July 2005 when the SEC obtained an injunction against Alanar. On appeal, Reeves argues that the State did not meet its burden of proving that the concealment exception applied to toll the statute of limitation until July 2005 because it did not present any evidence or witnesses at the motion to dismiss hearing to prove the elements of the exception and that, as a result, all the charges should be dismissed. The State has slightly shifted its argument from below and asserts that there is no need to determine whether the tolling provision of the concealment exception even applies because the crime alleged involves an ongoing crime of a Ponzi scheme that did not end until July 2005 when the SEC obtained its civil injunction against Alanar, making any charges occurring within five years of that time period properly filed within the statute of limitation.

■ Both parties seem to have put the proverbial cart before the horse and make broad arguments about issues that are beyond the scope of a motion to dismiss hearing, specifically the question of whether the State has met its burden of proving that the crimes charged fall within the statute of limitation. This is an issue that will be presented and ultimately fleshed

out at trial. Indeed, the State has the burden at trial of establishing that the crime charged was committed within the statute of limitation. *See Greichunos v. State*, 457 N.E.2d 615, 617 (Ind.Ct.App. 1983). However, as this is an interlocutory appeal from a motion to dismiss, we deem that the more appropriate issue at hand is whether the State has met its initial burden of making sufficient allegations in the charging information that the offenses were committed within the applicable statute of limitation.

██ "Generally, the State is required to allege facts in the Information sufficient to bring the charge within the statutory limitation period." *Willner v. State*, 602 N.E.2d 507, 508 (Ind.1992); *see also* Ind. Code § 35–34–1–2(a)(5) (providing that a charging information "shall be in writing and allege the commission of an offense by . . . stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense[.]"). One of the reasons for this requirement is to ensure that only timely-filed charges proceed to trial. *Willner*, 602 N.E.2d at 508 (citing *Ulmer v. State*, 14 Ind. 52, 55 (1859)). Indeed, "[a]n information alleging a time outside the statute of limitations which does not allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss." *Greichunos*, 457 N.E.2d at 617.

The charging informations for each of the ten counts provided, in relevant part that:

> on or about or between September 2000 and July 2005, in Sullivan, Sullivan County, State of Indiana, Vaughn A. Reeves, Jr., did knowingly or intentionally aid, induce or cause another person, to-wit: Vaughn A. Reeves, Sr., and/or Jonathan Christopher Reeves, and/or Joshua Craig Reeves, and/or employees of the Alanar Corporation and/or any of its subsidiaries, to commit an offense, to-wit: Securities Fraud, in that Vaughn A. Reeves, Jr., did, in connection with the offer, sale or purchase of a security, directly or indirectly, engage in an act, practice or course of business, to wit: removed funds from the repayment and/or proceeds account for Alanar bond issue number [\_\_\_], which did operate or would operate as a fraud or deceit upon another person, to wit: bondholders for Alanar issue number [\_\_\_], contrary to the form of the statutes in such cases made and provided by I.C. 23–2–1–12, 23–2–1–18 (2007), [7] and 35–41–2–4 and against the peace and dignity of the State of Indiana.

(App.18–27).[8]

██ From the face of the informations, which were filed on June 30, 2009, the five-year statute of limitation would not bar the prosecution of any offense alleged to have occurred on or after June 30, 2004. However, the acts alleged to have occurred on or between September 2000 to June 29, 2004 fall outside the five-year period. Thus, the question before this Court is whether the State alleged facts in the charging informations sufficient to bring the charges for acts alleged to have occurred on or between September 2000 to June 29, 2004 within the statutory limitation period so that the charges should be

---

7. Indiana Code Chapter 23–2–1 was repealed and replaced by the Indiana Uniform Securities Act in P.L. 27–2007, effective July 1, 2008. The offense for which Reeves was charged can currently be found at Indiana Code section 23–19–5–1(3).

8. Each charging information specified a bond issue number and the name of a church or religious organization associated therewith. However, there were no issuance dates of the bonds included in the informations.

allowed to proceed to trial. Stated another way, we need to determine whether the prosecution of the offense for acts alleged to have occurred from September 2000 to June 29, 2004 was barred because the charging informations did not allege facts sufficient to constitute the concealment of evidence exception contained in Indiana Code section 35–41–4–2(h)(2).

 The tolling provision in Indiana Code section 35–41–4–2(h)(2) "serves the State's interest of ensuring that it can later prosecute a criminal suspect even if, for a time, he conceals evidence of the offense such that authorities are unaware and unable to determine that a crime has been committed." *Kifer v. State*, 740 N.E.2d 586, 588 (Ind.Ct.App.2000). However, given the fact that concealment is a "fact-intensive issue[,]" when the State relies on this exception, it must plead the circumstances of the concealment exception in the information so that the "defendant is apprised of the facts upon which the State intends to rely and may be prepared to meet that proof at trial." *Willner*, 602 N.E.2d at 509 (citing *Jones v. State*, 14 Ind. 120, 121 (1860) ("Unless the [S]tate, by her pleading, apprises the accused of the acts of concealment upon which [the State] intends to rely, he may not be prepared to resist the effort to deprive him of his right to set up the statute of limitations in bar of the prosecution.")).

Here, the charging informations contain absolutely no allegation of the concealment of evidence exception. The State did not allege in the informations that Reeves concealed evidence of the offense, including no allegation of the dates the concealment occurred or any alleged positive act of concealment done by Reeves. Nor did the State allege that it lacked evidence sufficient to charge Reeves with the offense or that Reeves' offense could not have been discovered by exercise of due diligence. "[A]n information should allege facts sufficient to show that the charge was filed within the limitations period[.]" *Willner*, 602 N.E.2d at 508. Because a portion of the ten charging informations, on their face, allege a time period outside the statute of limitations (i.e., September 2000 to June 29, 2004) and do not allege facts sufficient to constitute an exception to the statute, the trial court should have granted, in part, Reeves' motion to dismiss as to these dates that fell outside the statute of limitation. *See, e.g., Greichunos*, 457 N.E.2d at 617 (reversing trial court's denial of defendant's motion to dismiss where charging information failed to contain allegations of concealment or any other circumstance that constitute an exception to applicable statute of limitation); *see also Jones*, 14 Ind. at 122 (explaining that general allegation that defendant concealed fact of crime was not sufficient and that it was "equally essential" that the positive acts that constituted the concealment of crime be alleged); *Randolph v. State*, 14 Ind. 232, 234 (1860) (same).

In summary, the State's charging informations against Reeves contain allegations that he committed aiding securities fraud on dates that were within the statute of limitation period (June 30, 2004 to July 2005) and outside of the limitation period (September 2000 to June 29, 2004). The charging informations, however, did not contain any sort of allegation of the concealment of evidence exception that would have taken it outside of the statute of limitation for the acts alleged to have occurred on or between September 2000 to June 29, 2004. Accordingly, the trial court did not err by denying Reeves' motion to dismiss in relation to the June 30, 2004 to July 2005 time period but did err by denying the motion to dismiss in relation to the September 2000 to June 29, 2004 time

period. We note, however, that the probable cause affidavit does contain specific allegations regarding the concealment of evidence exception that would have put Reeves on notice that the State intends to rely on the concealment of evidence exception for the purpose of bringing all the alleged acts within the five-year statute of limitation.[9] Therefore, under the specific facts of this case, we remand to the trial court for consideration, as set forth in Indiana Code section 35–34–1–4(d), of whether it will discharge the defendant as to the dates specified above or deny the discharge upon determining that the prosecutor would be entitled to cure the information by amendment.

Affirmed in part, reversed in part, and remanded.

BROWN, J., and BRADFORD, J., concur.

---

**9.** We, however, make no determination of whether the State's allegations regarding the concealment of evidence exception would be sufficient to establish, as it alleges, that the exception would apply to toll the statute of limitation until July 2005. That will be the State's burden at trial. *See Lamb v. State,* 699 N.E.2d 708, 709 (Ind.Ct.App.1998) ("It is the State's burden to establish that the crime charged was committed within the statute of limitations."), *trans. denied.*