David A. KIFER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0003–CR–90.

Court of Appeals of Indiana.

Dec. 20, 2000.

David M. Shaw, Evansville, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

David Kifer appeals his conviction following a bench trial for Failure to Stop at the Scene of an Accident Resulting in Death, a Class D felony. He presents a single issue for our review, namely, whether his conviction is barred by the five-year statute of limitations set forth in Indiana Code Section 35–41–4–2(a)(1).

We reverse.

### FACTS

On the morning of October 2, 1987, David Kifer was driving a green Chevrolet on Christ Road in Evansville when he struck and killed jogger Barbara Mazick.

Kifer left the scene of the accident and did not report the incident to police. A motorist ultimately discovered Mazick's body, and Evansville police immediately began investigating her death.

Following the accident, Kifer drove to his brother's home in Carmi, Illinois. He told his brother that he had run over a woman in Evansville earlier that morning. Kifer and his brother then removed the license plates and headlight rings from the car and sold the vehicle to a salvage yard.

Having failed to uncover any credible information concerning Mazick's death, the police suspended their investigation approximately two years after the accident. The police reopened the investigation in 1994 when Robin Johnson claimed to have information linking Kifer to the accident. This led police to conduct further interviews; however, none of these interviews corroborated Johnson's claims.

On September 6, 1997, Evansville police received a tip from the Olney, Illinois Police Department that Kifer had been the driver in a fatal hit and run accident in 1987 and that Kifer's brother had assisted him in disposing of the car. After subsequent investigation by police, the State charged Kifer on September 8, 1999, with failure to stop at the scene of an accident resulting in death, a Class D felony.[1]

Kifer moved to dismiss the charge and argued that the State's prosecution was barred by the five-year statute of limitations for a Class D felony. The trial court denied his motion, determining that Kifer's concealment of evidence relating to the crime had tolled the statute of limitations. Following a bench trial, the court found Kifer guilty as charged. This appeal ensued.

## DISCUSSION AND DECISION

■ Indiana Code Section 35–41–4–2(a)(1) bars prosecution for a Class D felony unless it is commenced within five years after the commission of the offense.

Indiana Code Section 35–41–4–2(g) creates an exception to the five-year limitations period and provides in part:

> The period within which a prosecution must be commenced does not include any period in which:
>
> * * *
>
> (2) the accused person conceals evidence of the offense, and evidence sufficient to charge him with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]

IND.CODE § 35–41–4–2(g)(2). The exceptions delineated in this statute must be construed narrowly and in a light most favorable to the accused. *Umfleet v. State*, 556 N.E.2d 339, 341 (Ind.Ct.App.1990), *trans. denied.* To fall within the concealment exception, the concealment of a crime must result from a defendant's positive acts. *Id.*

■ Kifer argues that the five-year statute of limitations set forth in Indiana Code Section 35–41–4–2(a)(1) had expired by the time the State filed its charge against him on September 8, 1999. Specifically, Kifer contends that the limitations period began to run on the date of the accident, October 2, 1987. Therefore, Kifer maintains that the State's prosecution, initiated almost twelve years after the commission of the offense, is barred and that his conviction should be reversed. The State responds that the five-year limitations period was tolled under Indiana Code Section 35–41–4–2(g)(2) because Kifer concealed evidence relating to the crime. We cannot agree with the State's position.

■ The primary purpose of a statute of limitations is to insure against the inevitable prejudice and injustice to a defendant that a delay in prosecution creates. *Heitman v. State*, 627 N.E.2d 1307, 1309 (Ind.

---

1. The State filed an amended information on January 11, 2000.

Ct.App.1994). The limitations period "strikes a balance between an individual's interest in repose and the State's interest in having sufficient time to investigate and build its case." *Id.* The tolling provision at issue here, Indiana Code Section 35–41–4–2(g)(2), serves the State's interest of ensuring that it can later prosecute a criminal suspect even if, for a time, he conceals evidence of the offense such that authorities are unaware and unable to determine that a crime has been committed. *See id.* (interpreting Indiana Code Section 35–41–4–2(g)(1)).

Clearly, the State failed to prosecute Kifer within the five-year statute of limitations and, indeed, did not file its charge until nearly twelve years after the fatal accident. Nevertheless, the State urges that Kifer's "positive acts" of, among other things, altering and selling his car, "tolled the statute of limitation[s] because they concealed the fact of Kifer's crime[.]" Brief of Appellee at 5. Contrary to the State's contention, however, Kifer's alteration and disposal of his car did not amount to concealment of the fact that a crime had been committed but was only concealment of his guilt. It is well settled that concealment of guilt is not concealment of the fact that an offense has been committed. *See Robinson v. State,* 57 Ind. 113, 114 (1877) (interpreting predecessor statute); *State v. Holmes,* 181 Ind.App. 634, 637, 393 N.E.2d 242, 244 (1979) (interpreting predecessor statute); *see also Umfleet,* 556 N.E.2d at 342 (holding that defendant's denial of involvement in alleged child abuse not positive act to conceal fact that offense had been committed). To constitute concealment of evidence of the offense sufficient to toll the statute of limitations under Indiana Code Section 35–41–4–2(a)(1), there must be a positive act performed by the defendant calculated to prevent discovery of the fact that a crime has been committed. *See Umfleet,* 556 N.E.2d at 341; *see also State v. Palmer,* 248 Kan. 681, 810 P.2d 734, 738 (1991) (observing that to constitute concealment of fact of the crime of theft sufficient to toll statute of limitations, there must be positive act calculated to prevent discovery of theft by those owning or having possession of property prior to theft).

Here, Kifer concealed evidence of his guilt by altering and disposing of the car involved in the accident that killed Mazick, but he did not conceal the fact that a crime had been committed. It is undisputed that on October 2, 1987, the Evansville police were aware that a fatal hit and run accident had occurred. The police began investigating Mazick's death immediately and concluded in their Initial Case Report that she "was struck by [a] vehicle that left the scene of the accident." Record at 367. Therefore, the commission of the offense of failure to stop at an accident resulting in death was fully known in 1987, and the State's prosecution of Kifer some twelve years later is barred by Indiana Code Section 35–41–4–2(a). *See Holmes,* 181 Ind. App. at 639, 393 N.E.2d at 245 (finding insufficient evidence of active concealment of thefts by defendant where record showed that two police officers "had knowledge of facts which [led] them to believe that theft offenses had been committed."); *cf. Crider v. State,* 531 N.E.2d 1151, 1154 (Ind.1988) (holding that defendant concealed fact of his crime of child molesting where daughters never disclosed molestation to authorities because of defendant's threats of bodily harm and death); *cf. also State v. Chrzan,* 693 N.E.2d 566, 567 (Ind.Ct.App.1998) (holding that manager's manipulation of financial records such that no one was aware he had been misappropriating funds until his resignation was positive act of concealment as contemplated by statute).

Our holding also comports with the rule that we construe statutes to avoid absurdity, hardship, injustice, and restrictions of human liberty. *See Heitman,* 627 N.E.2d at 1310. Were we to agree with the State's position that concealment of *any* evidence, including evidence of guilt, tolls the statute of limitations, the limitations

period would be tolled in nearly all crimes in which a defendant attempts to avoid apprehension. This would lead to an absurd result, as the exception found in Indiana Code Section 35–41–4–2(g)(2) would essentially nullify the rule that D felony prosecutions be commenced within five years after the commission of the offense. *See Umfleet,* 556 N.E.2d at 341 (observing that exceptions to statute of limitations must be narrowly construed in favor of accused). Such an interpretation would also lead to injustice and hardship, as it would permit the State to file charges long after the five-year limitations period had expired and would force defendants to defend against extremely stale charges.

In sum, Kifer's actions following the accident that killed Mazick did not constitute concealment of evidence of the offense suf-ficient to toll the statute of limitations under Indiana Code Section 35–41–4–2(a)(1). We are constrained to hold that the State's prosecution of Kifer nearly twelve years after the commission of the offense is barred as untimely and that the trial court erred when it denied Kifer's motion to dismiss. His conviction for failure to stop at the scene of an accident resulting in death must be reversed.

Reversed.

RILEY, J., and BROOK, J., concur.