OPINION
BRADFORD, Judge.
Having convicted former LaPorte High School junior varsity volleyball coach Robert Ashcraft of multiple sex crimes against a minor student athlete, the State of Indiana charged Marybeth Lebo, the school’s varsity volleyball coach, with failure to report child abuse or neglect. Lebo appeals the trial court’s denial of her motion to dismiss these charges, arguing they are barred by the statute of limitations and lack sufficient specificity. We conclude that failure to report is a continuing offense to which the statute of limitations does not apply and, alternatively, that Lebo’s alleged instruction that her volleyball players not discuss Ashcraft’s conduct with their parents was sufficient to invoke the concealment exception to the statute of limitations. We also conclude that the charging informations, together with testimony from the probable cause hearing, allege sufficiently specific facts from which Lebo can prepare her defense. Therefore, we affirm.
FACTS AND PROCEDURAL HISTORY
At all times in question, Lebo was employed as the varsity volleyball coach at LaPorte High School. In this capacity, Lebo supervised Robert Ashcraft, who was employed as the school’s junior varsity volleyball coach. K.T., a minor student, began playing volleyball at LaPorte High School on or about August 1, 2007. At that time, K.T. was fifteen years of age, turning sixteen on June 21, 2008.
Ashcraft resigned from his employment with the LaPorte Community School Corporation on October 28, 2008. Around November 21, 2008, the LaPorte City Police Department began investigating allegations of a sexual relationship between Ash-craft and K.T. On December 17, 2009, Ashcraft was arrested and charged with felony sexual misconduct with a minor and felony child seduction. In January of 2010, the Indiana State Police (“ISP”) began investigating whether the administration and staff of the LaPorte Community School Corporation, including Lebo, were aware of the relationship between Ashcraft and K.T. and failed to report it to an *1034 appropriate authority. The investigation entailed reviewing materials from Ash-craft’s criminal case and over 100,000 emails from the LaPorte Community School Corporation, as well as conducting additional interviews with student volleyball players and their parents. The ISP submitted its completed investigation report to the LaPorte County Prosecutor’s Office on October 23, 2010.
In July of 2011, a jury convicted Ash-craft of multiple counts of felony sexual misconduct with a minor and felony child seduction. A probable cause hearing regarding potential charges against Lebo was held on September 6, 2011. At the hearing, ISP Detective Michael Robinson testified that the investigation into Lebo revealed that several different parents talked to Lebo about Ashcraft’s inappropriate conduct with K.T., describing their relationship as being “almost like they were boyfriend and girlfriend.” Appellant’s App. p. 64. Detective Robinson added that “[Lebo] received several reports, all regarding ... Coach Ashcraft, who was forty-two, forty-three years of age, and this player who was fifteen, sixteen years of age during the course of this time period.... ” Appellant’s App. p. 60. “And at numerous times it wasn’t just the coach and some other player or the coach and this other player, it kept coming back to the same player....” Appellant’s App. p. 60. “It specifically even mentioned in [Ashcraft’s] personnel file a couple of times, [KT.’s] name.” Appellant’s App. p. 60.
According to Detective Robinson’s testimony, the investigation also revealed that Lebo “documented in Mr. Ashcraft’s personnel file [that Lebo] witnessed a couple of instances” of “inappropriate contact” between Ashcraft and K.T. Appellant’s App. p. 59. Specifically, at a volleyball tournament in Crown Point, Lebo observed that “Ashcraft was leaning up against between the legs of the victim [while] watching a movie or something. In her words, [Lebo] was very uncomfortable with that [and] made the girls get up right away and start doing something else.” Appellant’s App. p. 59. Another instance occurred during a bus ride; Lebo noticed that “Ashcraft had put his arm around [K.T.] and was like sharing some food, yogurt, holding the cup for her, just stuff that made [Lebo] feel it was very inappropriate.” Appellants’ App. p. 59. Lebo further documented that “she was in fear of losing her job because of this ... Ashcraft and [K.T.] situation.” Appellant’s App. pp. 59-60.
Detective Robinson also testified that the investigation found no indication that Lebo reported Ashcraft’s conduct to any authority at LaPorte High School, the La-porte Community School Corporation, the local or state police department, or the Department of Child Services. Lebo did, however, instruct her student volleyball players “not to tell anybody what was going on. [D]on’t tell your parents. Don’t tell anybody.” Appellant’s App. p. 64. Lebo also helped prepare Ashcraft’s resignation letter, which does not reference Lebo’s notes in Ashcraft’s personnel file regarding his inappropriate conduct with K.T. The letter states only that there was “some type of coaching problem.” Appellant’s App. p. 63.
On September 6, 2011, the State charged Lebo with two counts of failure to report child abuse or neglect, both Class B misdemeanors. Count I alleged a violation of Indiana Code section 31-33-5-1 as follows:
Detective Michael Robinson being duly sworn upon his oath says that: in the County of LaPorte, State of Indiana, on or between August 1, 2007 and October 28, 2008, Marybeth Lebo had reason to believe that minor child K.T. was a *1035 victim of child abuse or neglect and failed to report such child abuse or neglect to law enforcement or the department of child services and such offense was concealed by the failure to make such report for the duration of the charges and by instructing her players during the 2007 and 2008 season not to discuss team matters or rumors with anyone, and further that the State did not have evidence sufficient to file charges until an investigative report was received after October 22, 2010, and could not have discovered sufficient evidence through due diligence.
Appellant’s App. p. 11. Count II alleged a violation of Indiana Code section 31-33-5-2 as follows:
Detective Michael Robinson being duly sworn upon his oath says that: in the county of LaPorte, state of Indiana, on or between August 1, 2007 and October 28, 2008, Marybeth Lebo while employed as a teacher and a coach for LaPorte High School had reason to believe that minor child K.T. was a victim of child abuse or neglect and failed to report such child abuse or neglect to the individual in charge of the school or the individual’s designated agent and such offense was concealed by the failure to make such report for the duration of the charges and by instructing her players during the 2007 and 2008 season not to discuss team matters or rumors with anyone, and further that the State did not have evidence sufficient to file charges until an investigative report was received after October 22, 2010, and could not have discovered sufficient evidence through due diligence.
Appellant’s App. p. 13.
On September 29, 2011, Lebo filed a written motion to dismiss the charges against her, alleging that the charging in-formations were filed beyond the statute of limitations. At a hearing on this motion, Lebo orally claimed that the informations should also be dismissed because the facts stated did not constitute an offense and because the offenses were not alleged with sufficient specificity. On February 7, 2012, the trial court denied Lebo’s motion on all asserted grounds. This court granted Lebo’s motion for interlocutory appeal on April 13,2012.
DISCUSSION AND DECISION
“We review a trial court’s denial of a motion to dismiss for an abuse of discretion.” Delagrange v. State, 951 N.E.2d 593, 594 (Ind.Ct.App.2011), trans. denied. This means “we [will] reverse only where the decision is clearly against the logic and effect of the facts and circumstances.” Id. “As a general rule, when a defendant files a motion to dismiss an information, the facts alleged in the information are to be taken as true.” Id. “Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss.” Id. at 594-95.
“[WJhere a charging instrument ... lack[s] appropriate factual detail, additional materials such as the probable cause affidavit supporting the charging instrument may be taken into account in assessing whether a defendant has been apprised of the charges against him.” State v. Laker, 939 N.E.2d 1111, 1113 (Ind.Ct.App.2010), trans. denied (citing Patterson v. State, 495 N.E.2d 714, 719 (Ind.1986)). Here, the trial court relied on the testimony given at the probable cause hearing in denying Lebo’s motion. See Ind.Code § 35-33-7-2 (“In lieu of the affidavit ... the facts may be submitted orally under oath to the judicial officer.”).
I. Whether the Charges Are Barred by the Statute of Limitations
Lebo argues that the trial court abused its discretion in denying Lebo’s *1036 motion to dismiss because the State’s charges are barred by the statute of limitations. Indiana Code section 35-41-4-2(a)(2) requires the State to commence prosecution of a misdemeanor offense within two years after its commission. “[This] protects] defendants from the prejudice that a delay in prosecution could bring, such as fading memories and stale evidence.” Sloan v. State, 947 N.E.2d 917, 920 (Ind.2011) (citing Kifer v. State, 740 N.E.2d 586, 587 (Ind.Ct.App.2000)). “[It] also ‘strike[s] a balance between an individual’s interest in repose and the State’s interest in having sufficient time to investigate and build its case.’” Id. (quoting Heitman v. State, 627 N.E.2d 1307, 1309 (Ind.Ct.App.1994)). “ ‘[A]n information alleging a time outside the statute of limitations which does not allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss.’ ” Reeves v. State, 938 N.E.2d 10, 16 (Ind.Ct.App.2010), trans. denied (quoting Greichunos v. State, 457 N.E.2d 615, 617 (Ind.Ct.App.1983)).
Lebo claims that, because she is charged with failing to report child abuse or neglect between August 1, 2007, and October 28, 2008, the two-year statute of limitations expired no later than October 28, 2010, well before the State filed its charging informations on September 6, 2011. The State claims that its charges were timely filed because the statute of limitations was tolled by virtue of concealment and, alternatively, because the crime of failure to report is a continuing offense.
A. Whether the Statute of Limitations Was Tolled
“Indiana Code section 35^11-4-2(h)(2) ... tolls a statute of limitations if ‘the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]’ ” Sloan, 947 N.E.2d at 920. “[W]hen the State relies on this exception, it must plead the circumstances of the concealment exception in the information so that the ‘defendant is apprised of the facts upon which the State intends to rely and may be prepared to meet that proof at trial.’ ” Reeves, 938 N.E.2d at 17 (quoting Willner v. State 602 N.E.2d 507, 509 (Ind.1992)).
In its charging informations, the State alleges that Lebo’s offenses were “concealed by ... [Lebo] instructing her players during the 2007 and 2008 seasons not to discuss team matters or rumors with anyone.” Appellant’s App. pp. 11, 13. The State further alleges that it “did not have evidence sufficient to file charges until an investigative report was received after October 22, 2010, and [it] could not have discovered sufficient evidence through due diligence.” Appellant’s App. pp. 11, 13. Lebo contends that these allegations are not sufficiently specific to allow Lebo to prepare a concealment defense. We, however, agree with the trial court; the allegations of concealment are sufficient to bring the charging informations into compliance with the statute of limitations.
The charging informations explicitly allege that Lebo concealed her failure to report, include facts constituting the act of concealment upon which that allegation is based, and provide a general timeframe in which the alleged concealment occurred. Further, these allegations are supported by Detective Robinson’s testimony at the probable cause hearing. In addition to testifying that Lebo instructed her players not to discuss the Ashcraft and K.T. situation with others, Detective Robinson testified that the ISP did not begin to suspect Lebo’s failure to report until January 2010, the month after Ashcraft’s arrest. More *1037 over, Detective Robinson testified that the LaPorte County Prosecutor’s Office could not have discovered sufficient evidence to charge Lebo with failure to report until it received the ISP’s investigation report on October 23, 2010. The trial court did not abuse its discretion in determining that concealment tolled the statute of limitations.
Lebo also contends that the facts alleged in the charging informations do not constitute concealment and that the State failed to exercise the due diligence necessary to invoke the concealment exception to toll the statute of limitations. On this issue, we again agree with the trial court. “ ‘Concealment is a fact-intensive issue.’ ” Appellant’s App. p. 7 (quoting Reeves, 938 N.E.2d at 17). See Willner, 602 N.E.2d at 509. Because questions of fact are not properly raised on a motion to dismiss, Delagrange, 951 N.E.2d at 594-95, we cannot conclude that the trial court abused its discretion in denying Lebo’s motion on this basis.
B. Whether Failure to Report Is a Continuing Offense
As an alternative, the State argues that the crime of failure to report is a continuing offense, and therefore, the statute of limitations did not begin to run until the LaPorte County Prosecutor’s Office received the ISP’s investigation report on October 23, 2010. The doctrine of continuing offenses holds, “Where there is a continuing duty to do some act, the statute of limitations does not apply where some portion of the offense is within the period of limitations.” DeHart v. State, 471 N.E.2d 312, 315 (Ind.Ct.App.1984). In other words, “The offense continues as long as the duty persists! ] and there is a failure to perform that duty.” Wright v. Superior Court, 15 Cal.4th 521, 525, 63 Cal.Rptr.2d 322, 936 P.2d 101 (1997). An offense should not be deemed continuing “unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that [the legislature] must assuredly have intended that it be treated as a continuing one.” Toussie v. United States, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).
We conclude that Indiana’s failure to report child abuse or neglect statute contemplates the crime as a continuing offense. Although the statute does not utilize the terms “continuing” or “continuous,” it includes the following provision to that effect: “This chapter does not relieve an individual of the obligation to report on the individual’s own behalf, unless a report has already been made to the best of the individual’s belief.” Ind. Code § 31-33-5-3. An individual who has not been “relieved” of his duty to report must be considered to have a continuing duty to do so. To conclude otherwise effectively limits the duty to report to the day on which a “reason to believe” arises. Such a conclusion would frustrate the statute’s asserted purpose to “provide protection for an abused or a neglected child from further abuse or neglect.” Ind.Code §. 31-33-1-1 (emphasis added). To permit an individual with a duty to report to avoid prosecution for failure to report because that individual’s failure was not discovered within 730 days does nothing to protect a child who may still be the victim of abuse on day 731 or beyond.
Lebo contends that, because that statute requires a person with a duty to report to “immediately make an oral report....” Ind.Code § 31-33-5-4 (emphasis added), the offense cannot be considered continuing. But although “the violation is complete at the first instance the elements are met[, i]t is nevertheless not completed as long as the obligation remains unfulfilled. *1038 ‘The crime achieves no finality until such time.’ ” Wright, 15 Cal.4th at 526, 63 Cal. Rptr.2d 322, 936 P.2d 101 (quoting U.S. v. Cores, 356 U.S. 405, 409, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958)). Lebo’s contention merely recognizes one part of this duality.
II. Whether the Charging Informa-tions Are Sufficiently Specific
Lebo argues that the trial court abused its discretion in denying her motion to dismiss because the charging informations failed to allege facts with sufficient specificity to apprise Lebo of the charges against her. “The purpose of the charging information is to provide a defendant with notice of the crime of which he is charged so that he is able to prepare a defense.” State v. Laker, 939 N.E.2d 1111,1113 (Ind.Ct.App.2010), trans. denied (citing Ben-Yisrayl v. State, 738 N.E.2d 253, 271 (Ind.2000)). For this reason, Indiana Code section 35-34-l-2(a)(4) requires that an indictment or information “allege the commission of an offense by ... setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition.” Ind.Code § 35-34-l-2(a)(4). The indictment or information also must contain “a plain, concise, and definite written statement of the essential facts constituting the offense charged.” Ind.Code § 35-34-1-2(d). “The court may, upon motion of the defendant, dismiss the indictment or information ... [if it] does not state the offense with sufficient certainty.” Ind.Code § 35-34-l-4(a)(4).
Here, the trial court found that that “the charging information[s] together with the oral testimony presented in the ... probable cause hearing has sufficient facts and circumstances to inform [Lebo] of the particular offenses for which she is charged in order to allow her to prepare a defense.” Appellant’s App. pp. 9-10. We agree. The charging informations track the language of the statutes on which the charges are based and, in conjunction with Detective Robinson’s probable cause testimony, inform Lebo of the identity of both the victim and the perpetrator, the relative time frame in which Lebo allegedly had reason to believe K.T. had been the victim of Ashcraft’s abuse or neglect, and the facts and circumstances giving rise to that reason to believe.
Specifically, the facts allege that Lebo observed Ashcraft “leaning up against between the legs” of K.T. while watching a movie and having his arm around K.T. while sharing food with her during a bus ride. Appellant’s App. p. 59. Although specific dates are not given, Detective Robinson testified that Lebo documented these observations in Ashcraft’s personnel file, where she also noted her personal discomfort with Ashcraft’s conduct. Ash-craft’s personnel file is clearly identified as “evidence collected” in the ISP investigation report, Appellant’s App. p. 46, and Lebo makes no argument that it will be inaccessible during discovery. Lebo is also aware that Ashcraft was convicted of sexual misconduct with a minor and child seduction. On these facts, we cannot say that the trial court abused its discretion in denying Lebo’s motion to dismiss for lack of sufficient specificity.
We add that Lebo’s claims in support of her sufficient specificity argument are without merit. First, Lebo’s claim that her alleged observations do not give rise to a “reason to believe” presents a question of fact to be resolved at trial and is not properly raised on a motion to dismiss. Delagrange, 951 N.E.2d at 594-95. Second, Lebo’s claim that the time frame alleged fails to identify whether K.T. was fifteen or sixteen at the time of Lebo’s observations is misplaced. The failure to report statute does not require that an individual have actual knowledge of child *1039 abuse or neglect. Rather, a duty to report is imposed on an individual who merely has “reason to believe” a child is the victim of such a crime. Ind.Code §§ 31-33-5-1, 31-33-5-2 (2011). See Ind.Code § 31-33-1-1(1) (stating one of the purposes of a duty to report is “to encourage effective reporting of suspected or known incidents of child abuse or neglect” (emphasis added)). Therefore, the conduct allegedly observed by Lebo need not satisfy the elements of sexual misconduct with a minor, Ind.Code § 35-42-4-9 (requiring a victim less than sixteen years of age), or those of child seduction, Ind.Code § 35-42-4-7 (requiring a victim at least sixteen years of age).
The judgment of the trial court is affirmed.
ROBB, C.J., concurs.
BAKER, J., concurs in part and dissents in part with opinion.