## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2016, 5:44 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Tobie Wilson<br>New Castle Correctional Facility<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Brian Reitz<br>Deputy Attorney General<br>Indianapolis, Indiana |

# I N T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tobie Wilson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 14, 2016<br><br>Court of Appeals Case No.<br>24A01-1506-CR-778<br><br>Appeal from the Franklin Circuit Court<br><br>The Honorable J. Steven Cox, Judge<br><br>Trial Court Cause Nos.<br>24C01-0205-CM-263<br>24C01-0410-CM-750<br>24C01-0503-CM-130<br>24C01-0511-CM-996<br>24C01-0612-CM-791 |

**Crone, Judge.**

# Case Summary

[1] Between 2002 and 2006, Tobie Wilson amassed seven misdemeanor convictions under five different cause numbers. In each cause, his sentence included probation. In 2011, the trial court issued bench warrants for each cause due to Wilson's failure to comply with agreed orders on rule to show cause concerning probation. In 2015, Wilson filed motions to dismiss for failure to prosecute,[1] each of which the trial court denied. He now appeals, alleging certain procedural and constitutional infirmities and challenging the trial court's denial of his motions to dismiss. Finding that we lack subject matter jurisdiction, we dismiss his appeal.

# Facts and Procedural History

[2] In 2002, Wilson pled guilty to class A misdemeanor resisting law enforcement and class B misdemeanor public intoxication in Cause 24C01-0205-CM-263. In 2004, he pled guilty to class B misdemeanor public intoxication in Cause 24C01-0410-CM-750. A year later, he pled guilty to class C misdemeanor taking wild animals governed by laws and rules in Cause 24C01-0503-CM-130 and was convicted of class B misdemeanor public intoxication following a bench trial in Cause 24C01-0511-CM-996 ("Cause 996"). In 2006, in Cause 24C01-0612-CM-791, he pled guilty to jacklighting and shooting from or across

---

[1] As discussed below, it is unclear from the record and Wilson's brief as to whether he seeks dismissal of the bench warrants or of the underlying convictions.

a roadway/waterway, both class C misdemeanors. For each of his convictions, the trial court suspended at least part of his sentence to probation.

[3] Between 2009 and 2011, the trial court issued orders to show cause in all five causes due to Wilson's failure to comply with certain probation orders. From 2010 to the present, Wilson has been incarcerated in connection with unrelated felony convictions in another county. In 2011, the trial court issued bench warrants in connection with its previous orders to show cause. In 2015, Wilson filed motions to dismiss for failure to prosecute. The trial court denied the motions, and Wilson now appeals. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – This Court lacks subject matter jurisdiction to entertain Wilson's challenge to the underlying convictions.

[4] Wilson maintains that the trial court erred in denying his motion to dismiss for failure to prosecute. Ordinarily, we review a trial court's ruling on such motions using an abuse of discretion standard. *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012). Here, however, Wilson does not make it entirely clear as to what exactly he was seeking to dismiss, whether it be the bench warrants on the orders to show cause or the underlying convictions themselves. As best we can discern from his brief and the meager record, it is the latter. *See*, *e.g.*, Appellant's Br. at 5 (Wilson's prayer for relief stating, "The judgment of

the Trial Court should be reversed, the judgments of conviction should be vacated and each of these cases should be dismissed with prejudice.").  As a pro se litigant without legal training, he is held to the same standard as a licensed attorney.  *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

[5]  To the extent that Wilson appears to attack the underlying convictions themselves, we emphasize that he neither filed a timely direct appeal pursuant to Indiana Appellate Rule 9(A) nor requested permission to file a belated appeal under Indiana Post-Conviction Rule 2.  "The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal."  *Tarrance v. State*, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011).   We also note that in four of the five causes, Wilson pled guilty, thereby waiving his right to challenge those underlying convictions on direct appeal.  *Branham v. State*, 813 N.E.2d 809, 812 (Ind. Ct. App. 2004).  With respect to his guilty pleas, he never challenged the voluntariness of those pleas either through direct appeal or post-conviction relief.  As such, his reliance on *Boykin v. Alabama*, 395 U.S. 238 (1969), is misplaced.[2]  In short, to the extent that he seeks relief from the underlying convictions themselves, we lack subject matter jurisdiction.

---

[2]  Unlike this case, *Boykin* involved a *direct appeal* addressing the voluntariness of the defendant's guilty plea, and the Supreme Court found reversible error where the record did not disclose that the defendant had "voluntarily and understandingly entered" his guilty pleas.  395 U.S. at 244.  Having never raised such a challenge, Wilson now argues that his pleas were involuntary and bemoans the alleged unavailability of transcripts from guilty plea hearings held more than a decade ago.  Having never availed himself of his right to challenge the voluntariness of his pleas, he may not do so in this setting.

[6]     As a matter of clarification, we note that although Wilson uses the term "dismissal," it appears from the face of his motions that he was actually seeking a discharge pursuant to Criminal Rule 4(C), which prohibits the State from holding a person in pretrial custody for more than one year from the date of his arrest or charge.[3] Wilson's reliance on Criminal Rule 4 is misplaced because (1) his custody is not pretrial custody; (2) he has not been held in custody in connection with any of the five causes but rather is in custody due to felony convictions in an unrelated cause; and (3) Criminal Rule 4 mandates discharge for delay in criminal *trials*. Wilson was already afforded a criminal bench trial in Cause 996, and he pled guilty in the remaining causes, thereby forgoing a trial in each of those causes. Rule 4 simply does not mandate discharge in a case such as this where the defendant has been in custody due to unrelated felony convictions and his trial has already occurred or been waived by guilty plea.[4]

---

[3] In his five identical motions to dismiss, Wilson alleges (1) that he has been in the continuous custody of the State since 2010; (2) that the State has had ample opportunity to bring him to trial but has refused; (3) that the State's actions have been prejudicial and have impaired his ability to prepare a proper defense; and (4) that because one year has elapsed, he is entitled to dismissal with prejudice. Appellant's App. at 2-11.

[4] We also disagree with Wilson's characterization of the trial court's/State's alleged inaction as holding his sentence in abeyance in violation of his constitutional rights. He cites as authority *Woods v. State*, 583 N.E.2d 1211, 1212-13 (Ind. 1992), where our supreme court set aside the defendant's executed sentence and legally discharged him because the State had delayed commencement of his sentence for over five years, after which the trial court ordered the execution of his sentence. We find *Woods* inapposite and note specifically that here, the trial court had imposed probation and was simply following up on Wilson's repeated failure to comply with probation orders.

# Section 2 – Wilson has failed to develop a cogent argument with respect to dismissal of the bench warrants.

[7] Finally, to the extent that Wilson may have intended simply to seek dismissal of the bench warrants on the orders to show cause, he did not develop a cogent argument with citations to authority as required by Indiana Rule of Appellate Procedure 46(A)(8). As a result, he has waived appellate review of any such challenge. *Jervis v. State*, 28 N.E.3d 361, 368 (Ind. Ct. App. 2015), *trans. denied*.

[8] In sum, Wilson's attack on his underlying convictions is not properly before us. Consequently, we dismiss his appeal for lack of subject matter jurisdiction.

[9] Dismissed.

Vaidik, C.J., and Bailey, J., concur.