

**FILED**

May 17 2017, 9:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Thomas W. Farlow
Darren A. Craig
Jenai M. Brackett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Peter T. Dvorak, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 17, 2017 <br><br> Court of Appeals Case No. 53A01-1604-CR-923 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Marc R. Kellams, Judge <br><br> Trial Court Cause No. 53C02-1506-FC-540 |

**Barnes, Judge.**

## Case Summary

[1]     Peter Dvorak appeals the trial court's denial of his motion to dismiss charges of Class C felony offer or sale of an unregistered security and Class C felony acting as an unregistered agent. We reverse and remand.

# Issue

Dvorak raises one issue, which we restate as whether the trial court properly denied his motion to dismiss charges based on the statute of limitations.

# Facts

In June 2015, the State charged Dvorak with Count I, Class C felony offer or sale of an unregistered security, and Count II, Class C felony acting as an unregistered agent. The State alleged:

> Count I:

> [O]n or about July 9, 2007 in Monroe County, State of Indiana, Peter T. Dvorak did knowingly offer or sell a security that was not registered, was not exempt under I.C. 23-19-2-1 and I.C. 23-19-2-2 of the Indiana Securities Act, or was not a federal covered security, to-wit: Peter T. Dvorak offered or sold a Promissory Note and an Agreement to Lend and Borrow Money to Todd Wahl that were not registered with the Indiana Secretary of State's Office, Securities Division, as required by law. I.C. 23-2-1-3 (2007) and I.C. 23-2-1-18.1 (2007).

> Additionally, Peter T. Dvorak concealed his true actions from Todd Wahl by structuring the Promissory Note and Agreement to Lend and Borrow Money so that they did not mature until July 9, 2010; therefore, Todd Wahl would not know that the investment was not valid until July 9, 2010. Further, Dvorak concealed his actions from the State of Indiana by offering and selling the security while not registered with the Indiana Secretary of State. Because the security was not registered and because Dvorak was not registered to offer or sell securities, he kept himself out of the purview of both law enforcement and industry regulators. These offenses could not have been

discovered by the State of Indiana until after Todd Wahl made his complaint to the Indiana Secretary of State, Securities Division on September 1, 2011.

Count II:

[O]n or about July 9, 2007 in Monroe County, State of Indiana, Peter T. Dvorak did knowingly transact business as an agent without being registered with the Indiana Secretary of State, Securities Division, to-wit: Peter T. Dvorak offered or sold a Promissory Note and an Agreement to Lend and Borrow Money, both securities, to Todd Wahl, without being registered. I.C. 23-2-1-8 (2007) and I.C. 23-2-1-18.1 (2007).

Additionally, Peter T. Dvorak concealed his true actions from Todd Wahl by structuring the Promissory Note and Agreement to Lend and Borrow Money so that they did not mature until July 9, 2010; therefore, Todd Wahl would not know that the investment was not valid until July 9, 2010. Further, Dvorak concealed his actions from the State of Indiana by offering and selling the security while not registered with the Indiana Secretary of State. Because the security was not registered and because Dvorak was not registered to offer or sell securities, he kept himself out of the purview of both law enforcement and industry regulators. These offenses could not have been discovered by the State of Indiana until after Todd Wahl made his complaint to the Indiana Secretary of State, Securities Division on September 1, 2011.

Appellant's App. Vol. II pp. 18-19.

[4] Dvorak filed a motion to dismiss the charges and argued that the charges were barred by the statute of limitations. Dvorak claimed that the five-year statute of limitations began running when the alleged offenses occurred in July 2007. He

contended that the statute of limitations was not tolled because the "State fail[ed] to allege any facts demonstrating that Dvorak did any positive act that constitute[d] concealment." *Id.* at 24. The State responded that Dvorak concealed the offenses by structuring the securities to mature three years later, resulting in Wahl having no reason to believe that a crime occurred until those securities matured.

[5] After a hearing, the trial court denied Dvorak's motion to dismiss. The trial court found that "[t]he statute of limitations was tolled because Defendant's structuring of the security was a positive act by the defendant that was calculated to conceal the fact that a crime had been committed." *Id.* at 10. The trial court found the case to be similar to *State v. Chrzan*, 693 N.E.2d 566 (Ind. Ct. App. 1998). The trial court noted "it only became evident that a crime was committed when the security matured." *Id.* at 11. Further, the trial court noted: "If the ruling were otherwise, illegal securities could always be structured to mature after the statute of limitations had passed, and the State would be prevented from ever knowing of its illegality until after it was too late." *Id.* At Dvorak's request, the trial court certified the order for interlocutory appeal, and we accepted jurisdiction pursuant to Indiana Appellate Rule 14(B).

## Analysis

[6] Dvorak appeals the trial court's denial of his motion to dismiss. "We review a trial court's denial of a motion to dismiss for an abuse of discretion." *Lebo v. State*, 977 N.E.2d 1031, 1035 (Ind. Ct. App. 2012). We will reverse only where

the decision is clearly against the logic and effect of the facts and circumstances. *Id.* When a defendant files a motion to dismiss an information, we take the facts alleged in the information as true. *Id.* "Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss." *Id.*

[7] Indiana Code Section 35-41-4-2(a) provides that the prosecution for a Class C felony is barred unless it is commenced within five years after the commission of the offense. However, Indiana Code Section 35-41-4-2(h)(2) provides that "[t]he period within which a prosecution must be commenced does not include any period in which . . . the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence . . . ."

[8] Indiana Code Section 35-41-4-2 protects "defendants from the prejudice that a delay in prosecution could bring, such as fading memories and stale evidence." *Lebo*, 977 N.E.2d at 1036 (quoting *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011)). "[It] also 'strike[s] a balance between an individual's interest in repose and the State's interest in having sufficient time to investigate and build its case.'" *Id.* (quoting *Sloan*, 947 N.E.2d 920). "'[A]n information alleging a time outside the statute of limitations which does not allege facts sufficient to constitute an exception to the statute is subject to a motion to dismiss.'" *Id.* (quoting *Reeves v. State*, 938 N.E.2d 10, 16 (Ind. Ct. App. 2010), *trans. denied*). "[W]hen the State relies on this exception, it must plead the circumstances of

the concealment exception in the information so that the 'defendant is apprised of the facts upon which the State intends to rely and may be prepared to meet that proof at trial.'" *Id.* (quoting *Reeves*, 938 N.E.2d at 17).

In support of his argument that the concealment tolling provisions do not apply here, Dvorak relies on *Study v. State*, 24 N.E.3d 947 (Ind. 2015), *cert. denied*, and *Kifer v. State*, 740 N.E.2d 586 (Ind. Ct. App. 2000). In *Study*, the State charged the defendant with two bank robberies in 2007. In 2012, the State added charges related to other bank robberies that also had occurred in 2006 and 2007. On appeal, the defendant argued that the trial court erred by allowing the charging information to be amended to add the charges in 2012 because the charges were filed outside of the statute of limitations.

Our supreme court held that the concealment provisions do not refer to "any evidence about the offense or who committed the offense"; rather, it specifically requires "that the concealed evidence be related to the existence of the offense." *Study*, 24 N.E.3d at 952. The concealment provisions apply only where "positive acts that conceal that an offense has been committed" exist. *Id.* The charging information in *Study* alleged that the "concealment occurred when Study concealed his identity by wearing a mask, and concealed the getaway car, clothes worn during the crime, items taken from a victim, the weapon used, and evidence linking the robbery to other robberies." *Id.* at 954. However, "[n]one of these actions would serve to prevent law enforcement from discovering that a bank had been robbed." *Id.* The law enforcement officials had discovered the robbery and began investigating immediately. The court concluded that the

defendant "did not engage in any positive act calculated to conceal the fact that a robbery occurred on March 21, 2006." *Id.* at 957-58. Consequently, the statute of limitations was not tolled, and the court dismissed the charge related to that robbery.

[11] In *Kifer*, the defendant left the scene of an accident in 1987 after striking and killing a jogger. *Kifer*, 740 N.E.2d at 586-87. After the accident, the defendant removed his license plates and headlight rings and sold the car to a salvage yard. The State learned that the defendant had struck the jogger and charged the defendant in 1999. The defendant filed a motion to dismiss the charges based on the statute of limitations, but the trial court denied the motion. On appeal, this court rejected the State's argument that the statute of limitations was tolled by concealment. This court held the defendant's alteration and disposal of his car did not amount to concealment of the fact that a crime had been committed but was only concealment of his guilt. "It is well settled that concealment of guilt is not concealment of the fact that an offense has been committed." *Id.* at 588. We noted that "there must be a positive act performed by the defendant calculated to prevent discovery of the fact that a crime has been committed." *Id.* However, the commission of the offense was "fully known in 1987," and the prosecution twelve years later was barred by the statute of limitations. *Id.*

[12] The State, on the other hand, relies on *State v. Chrzan*, 693 N.E.2d 566 (Ind. Ct. App. 1998). There, during his employment as manager of a grain elevator, the defendant "secreted $12,000 to $15,000 for use in the event he was fired as

manager." *Chrzan*, 693 N.E.2d at 567. He resigned in January 1994, and two years and three days later, the State charged him with misappropriation of funds and the knowing use of a false measure. The trial court dismissed the charges, and on appeal, the State argued that the two-year statute of limitations was tolled by the defendant's concealment of his offense. We agreed that the defendant's "manipulation of financial records" and the writing of two checks to the employer shortly after his resignation were "positive acts on the part of the perpetrator to conceal the fact that a crime had been committed." *Id.* Consequently, we reversed the dismissal of the charges.

[13] Here, Dvorak argues that there are no allegations of any positive act that he committed to conceal the fact that an offense had been committed. The State argues that Dvorak's "structuring of the unregistered security included the selection of a maturity date that would cause his illegal activity to fly under the radar for three years after the illegal sale." Appellee's Brief p. 10. Dvorak points out, however, that whether he was registered to offer or sell securities and whether the security was registered were matters of public records on the date of the alleged offenses. Wahl could have determined those facts at the time he entered into the agreements. The maturity date of the agreements did not prevent Wahl from determining that Dvorak and the securities were unregistered.

[14] The State also notes that failing to disclose that a security is not registered and that a seller is not registered as a broker-dealer has been found to be a material omission on the part of the seller. *See Manns v. Skolnik*, 666 N.E.2d 1236, 1249

(Ind. Ct. App. 1996). In *Manns*, the Indiana Securities Commissioner filed an administrative complaint against the defendant for violating Indiana securities laws by failing to register herself and a security with the securities division. After the commissioner found that she had violated several state securities laws, the defendant appealed to the trial court, which affirmed the commissioner's order.

On appeal, the defendant challenged, among other things, the commissioner's determination that she committed fraud under Indiana Code Section 23-2-1-12, which at the time provided:[1]

> It is unlawful for any person in connection with the offer, sale or purchase of any security, either directly or indirectly, (1) to employ any device, scheme or artifice to defraud, or (2) to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made in the light of circumstances under which they are made, not misleading, or (3) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

The defendant challenged the determination that she omitted a material fact by failing to disclose that the security was not registered and that she was not a registered broker-dealer. This court held:

> A reasonable investor would consider the broker's registration with the division important in making the investment decision

---

[1] Repealed by Pub. L. No. 27-2007, § 37 (eff. July 1, 2008).

because the registration serves as a means to verify the experience, legitimacy, and veracity of the broker. In addition, the fact that the security was not registered with the division would reflect on the validity of the transaction. Accordingly, this information was material and the omission, therefore, constitutes a violation of the statute.

*Manns*, 666 N.E.2d at 1249.

[16] The *Manns* decision, however, is unpersuasive here. *Manns* dealt with fraud allegations against the defendant in the context of an administrative complaint, and the omission was relevant to the fraud determination. In the context of concealment tolling the statute of limitations in a criminal case, our courts have held that a "positive act" to conceal the fact that an offense has been committed is required. *Study*, 24 N.E.3d at 952. The omission discussed in *Manns* is not, however, a "positive act," which is necessary to toll the statute of limitations.

[17] We conclude that Dvorak did not engage in any positive act calculated to conceal the fact that he was not registered and the security was not registered with the Secretary of State. Consequently, we conclude that the trial court erred by denying Dvorak's motion to dismiss. We reverse and remand for proceedings consistent with this opinion.

## Conclusion

[18] The trial court erred by denying Dvorak's motion to dismiss. We reverse and remand.

[19] Reversed and remanded.

Kirsch, J., and Robb, J., concur.